# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JAMES CAMPER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 3:17-cv-01298 |
| | ) |
| LYFT TENNESSEE, INC., LYFT, INC., | ) |
| and CARA CROSSAN, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

After James Camper sued Lyft Tennessee, Inc., Lyft, Inc. ("Lyft"), and Cara Crossan for sexual harassment, retaliation, religious discrimination, negligent hiring, and emotional distress, the parties agreed to submit the case to arbitration pursuant to a Mutual Arbitration Agreement. An arbitration hearing was held on May 1-3, 2018, and, on June 14, 2018, and an American Arbitration Association Arbitrator denied all of Camper's clams and entered an arbitration award in favor of Lyft. Thereafter, Camper moved to vacate the arbitration award on the grounds that it was procured by corruption, fraud, or undue means, and/or because the arbitrator was partial and exceeded his powers. By Memorandum Opinion (Doc. No. 37) and Order (Doc. No. 38), Camper's Motion to Vacate was denied and the award was affirmed.

On August 13, 2019, eleven months to the day after the Court entered final judgment (Doc. No. 41), Lyft filed a 20-page "Emergency Motion to Enforce Judgment and for Sanction" (Doc. No. 42) based on a new demand Camper had made for arbitration to be held in San Francisco, California.[1] Lyft insists that the new demand contains frivolous claims and is nothing more than an

---

[1] Under the Mutual Arbitration Agreement, arbitrations are to take place in (1) San Francisco; (2) the employees county of residence at the time the dispute arose; or (3) at a mutually agreeable location. (Doc.

attempt to relitigate factual issues that already been decided. Lyft also claims that Camper has threatened to "sue Lyft forever" based upon whatever tort he can "conceive." (Doc. No. 44 at 1-2).

Almost the entirety of Lyft's motion is directed towards establishing why Camper's claims should not be considered on the merits, with little discussion about this Court's power to prohibit Camper from pursuing his new arbitration request. Lyft simply argues:

> Federal Rule of Civil Procedure 65 authorizes this Court to issue injunctions upon notice to an adverse party. The federal All Writs Act similarly grants federal courts the power to enjoin vexatious litigants from filing further abusive actions. See 28 U.S.C. § 1651(a) (all federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"); Wrenn v. Vanderbilt Univ. Hosp., Nos. 94-5453, 94-5593, 1995 WL 111480, at *3 (6th Cir. Mar. 15, 1995); Sassower v. Thompson, Hine Flory, No. 92-3553, 1993 WL 57466, at *1 (6th Cir. Mar. 4, 1993) (finding "district court did not abuse its discretion by enjoining [plaintiff] from filing further actions without first obtaining leave of that court"). Indeed, litigants do not have a right to prosecute frivolous claims. See Wrenn, 1995 WL 111480, at *3 (enjoining litigant with a history of "filing frivolous actions and appeals" from filing future appeals without meeting specific pre-filing conditions).

(Doc. No. 42 at 4-5). Lyft requests that it receive "reasonable attorneys' fees incurred in defending against Camper's frivolous new Demand as a sanction against Camper's gross abuse of the arbitration process," and cites for that request not only the All Writs Act, but the Tennessee Public Participation Act, Tenn. Code Ann. § 20-17-107(a). (Id. at 16-17).

It is true, as Lyft points out, that attempting to relitigate issues that have already been decided and filing frivolous and vexatious claims are all improper. But entering an injunction is no small matter, and "obey the law" injunctions are uniformly disfavored. Perez v. Ohio Bell Tel. Co., 655 F. App'x 404, 412 (6th Cir. 2016) (collecting cases). Indeed, Rule 65(d) of the Federal Rules of

---

No. 1 at 5). It appears that shortly after the Court granted the parties' request to proceed to arbitration, Camper moved to California.

2

Civil Procedure requires that an injunction's terms be stated "specifically" and "describe in reasonable detail – and not by referring to the complaint or other documents – the acts restrained or required." Fed. R. Civ. P. 65(d). Lyft seeks to "enjoin Camper from filing new arbitration demands with the American Arbitration Association on claims or factual issues that were already resolved by the arbitrator." (Doc. No. 42 at 1-2). This presupposes, however, that the Court has a working familiarity with all that was considered by the arbitrator, which it does not. All the Court did was to reject Camper's suggestion of wrongdoing by the Arbitrator and to confirm the award.

In this regard, Lyft misplaces reliance on Kelly v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 985 F.2d 1067, 1069 (11th Cir. 1993) for the proposition that the All Writs Act gives authority to the court to enjoin arbitration to prevent re-litigation of maters already addressed, and Sheldon Co. Profit Sharing Plan and Trust v. Smith, 858 F. Supp. 663, 667 (W.D. Mich. 1994) for the proposition that "a federal court has broad injunctive powers to protect its own judgments, including the power to enjoin arbitration in the interests of preventing relitigation of claims and issues it has already decided." In both cases, state law claims were slated for arbitration after federal claims involving the same issues of fact or law had already been litigated and summary judgment had been entered. Such is not the case here. The Court simply confirmed the award utilizing "one of the narrowest standards of judicial review in American jurisprudence." Samaan v. Gen. Dynamics Land Sys., Inc., 835 F.3d 593, 600 (6th Cir. 2016).

More on point is Citigroup, Inc. v. Abu Dhabi Inv. Auth., 776 F.3d 126, 127 (2d Cir. 2015), which "present[ed] the question of whether the All Writs Act . . . permits a federal district court to enjoin a second arbitration between parties to a contractual arbitration agreement based on what one party asserts is the claim-preclusive effect of a prior federal judgment confirming the result of the

parties' earlier arbitration." Answering the question, the Second Circuit "h[e]ld that the 'extraordinary remedies' authorized by the All Writs Act cannot be used to enjoin an arbitration based on whatever claim-preclusive effect may result from the district court's prior judgment when that judgment merely confirmed the result of the parties' earlier arbitration without considering the merits of the underlying claims at issue in that arbitration." Id. In arriving at its conclusion, the Second Circuit noted that some "other courts have sanctioned the use of the All Writs Act to enjoin arbitrations that threaten federal judgments,"[2] but emphasized that "the main justification given for resorting to the All Writs Act is that the district court that resolved the merits of a case is in the best position to protect its judgment because it is the most familiar with what it considered and decided in the proceedings leading to that judgment." Id. Again, that is not the case here.

"An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 165 (2010). "Courts grant permanent injunctions only when: (1) a plaintiff suffers irreparable injury, (2) an inadequate remedy exists at law, (3) the injunction is warranted in light of the 'balance of hardships' between the parties, and (4) the public interest would not be disserved by a permanent injunction." Curtis v. Alcoa, Inc., 525 F. App'x 371, 380 (6th Cir. 2013); see also, Spingola v. Vill. of Granville, 39 F. App'x 978, 980 (6th Cir. 2002) ("For a permanent injunction, a party must make a clear showing of a significant threat that irreparable injury will result if relief is not granted, and that no other adequate legal remedy is available."). Lyft has not shown that it will suffer irreparable injury should the arbitration in San Francisco go forward, nor has it shown that it does not have an adequate remedy at law.

---

[2] It appears that the Sixth Circuit has not addressed the issue.

"Arbitrators are not free to ignore the preclusive effect of prior judgments under the doctrines of res judicata and collateral estoppel, although they generally are entitled to determine in the first instance whether to give the prior judicial determination preclusive effect." Aircraft Braking Sys. Corp. v. Local 856, Int'l Union, United Auto., Aerospace & Agr. Implement Workers, UAW, 97 F.3d 155, 159 (6th Cir. 1996) (citing Trailways Lines, Inc. v. Trailways, Inc. Joint Council, 807 F.2d 1416, 1425 (8th Cir.1986)). Furthermore, "arbitrators enjoy inherent authority to police the arbitration process and fashion appropriate remedies to effectuate this authority[.]" Hamstein Cumberland Music Grp. v. Williams, 532 F. App'x 538, 543 (5th Cir. 2013). Insofar as Camp may have threatened to endlessly pursue arbitration, the Court simply notes that (1) the arbitration rules allow for the shifting of fees and expenses where an arbitrator determines that a claim "was filed for purposes of harassment or is patently frivolous," and (2) "[t]he arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court including awards of attorney's fees and costs, in accordance with applicable law. AAA, Employment Arbitration Rules and Mediation Procedures, Rule 39.4 & 48. Thus, Camper's pursuit of issues that have already been addressed or claims that are meritless may very well come at a significant financial cost to him.

Lyft's "Emergency Motion to Enforce Judgment and for Sanctions" (Doc. No. 42) that seeks to enjoin Camper from filing new arbitration demands and to impose sanctions is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE